STATE OF WEST VIRGINIA

*In re* **W.W., J.W., and B.W.**

**No. 20-0073** (Randolph County 19-JA-79, 19-JA-80, and 19-JA-81)

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.W., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's December 30, 2019, order terminating his parental rights to W.W., J.W., and B.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and, instead, terminated his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2019, the DHHR filed a child abuse and neglect petition alleging that the parents' substance abuse negatively affected their ability to parent the children. According to the DHHR, four-year-old W.W. disclosed witnessing his parents crush and snort pills and reported that they would "nod off, but they always wake up." The DHHR amended the petition in August of 2019 to include allegations that the parents engaged in domestic violence in the presence of the children and that the children were maltreated and unsupervised.

In November of 2019, petitioner filed a written stipulation to the petition and admitted to engaging in substance abuse in the home that negatively affected his ability to parent the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. The mother did not appear, but the circuit court adjudicated her as an abusing parent after hearing evidence of her impaired state at the time the children were removed from the home.

In December of 2019, the circuit court held a dispositional hearing. Petitioner moved for a post-adjudicatory improvement period and testified at the hearing that he would fully participate in remedial services. However, petitioner admitted that he had failed to submit to court ordered drug screens since September of 2019, despite having access to transportation. Petitioner testified that he had been prescribed some form of buprenorphine for pain management for the past five years and had been receiving treatment from his current provider for two years. He testified that he last used Subutex two days prior to the dispositional hearing, but clarified that he had not taken his prescribed dose on the day of the hearing. Petitioner did not provide a current prescription for Subutex at the dispositional hearing. Further, petitioner explained that he was not at the home when the children were removed from the mother's care, however he denied that the mother was intoxicated when he arrived at the home soon after the children were removed.

In contrast to petitioner's assertion that he was willing to participate in services, the DHHR presented testimony that he was offered parenting and adult life skills classes but failed to participate. A service provider testified that she set up an initial meeting with petitioner after several attempts, but that petitioner later cancelled the meeting. Despite other contacts from the provider, petitioner did not participate in a single parenting or adult life skills session. Additionally, the DHHR presented evidence that petitioner consistently tested positive for buprenorphine from July to August of 2019, at which time he ceased participating in drug screens. The Executive Director of North Central Community Corrections testified that each time participants test positive for controlled substances, they are expected to provide a valid prescription for those substances if applicable. However, petitioner failed to provide a valid prescription following multiple positive drug screens, and only provided a valid prescription on one occasion.

Ultimately, the circuit court found that petitioner had "demonstrated no effort to address [his] deficiencies in parenting thus far" and failed to comply with the services to remediate those deficiencies. Further, the circuit court found that petitioner failed to acknowledge his parenting deficiencies. The circuit court concluded that petitioner failed to demonstrate that he was likely to fully participate in a post-adjudicatory improvement period and denied his motion. Additionally, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary for the welfare of the children to terminate petitioner's parental rights. The circuit court terminated petitioner's parental rights by its December 30, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]The mother's parental rights were terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. According to petitioner, "his testimony indicated that he would participate fully in all aspects of an improvement period." He argues that his failure to participate in services was based on his "homelessness and a lack of transportation." Petitioner asserts that the circuit court abused its discretion by not giving him "at least a chance to prove himself" through an improvement period. We find petitioner is entitled to no relief.

West Virginia Code § 49-4-610(2)(B) provides that a circuit court may grant a parent a post-adjudicatory improvement period when he "demonstrates, by clear and convincing evidence, that [he] is likely to fully participate in the improvement period."[3] It is well established that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "Additionally, if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Here, petitioner failed to demonstrate that he was likely to fully participate in an improvement period. The circuit court ordered petitioner to participate in parenting and adult life skills classes, and he clearly failed to do so. Although he argues that he failed to participate due to transportation issues and homelessness, petitioner admitted during his testimony that he had transportation and still failed to follow through with random drug screening. Additionally, petitioner admitted to continued Subutex use, but did not provide a current prescription at the dispositional hearing. Although petitioner testified that he would fully participate in services, his actions did that support that finding. We have previously held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical

---

[3]Notably, West Virginia Code § 49-4-610(2)(A) requires a parent to file "a written motion requesting the improvement period." According to the record, petitioner failed to file such a motion.

development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. As noted by the circuit court, the children in this case were under six years old – J.W. and B.W. are now two and one, respectively. Due to their tender ages and petitioner's demonstrated noncompliance with services prior to the dispositional hearing, we find no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period.

Finally, to the extent that petitioner's argument vaguely asserts that the circuit court erred in terminating his parental rights, we find no error. Petitioner's argument on this alleged error is woefully inadequate, both in terms of complying with this Court's rules and in terms of attempting to establish error by the circuit court. Specifically, petitioner fails to cite to a single legal authority that would entitle him to relief in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[4] As this Court has held, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Even more critically, petitioner fails to take the meager step of attempting to argue that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner is entitled to no relief on appeal because he fails to identify any alleged error on the part of the circuit court in terminating his parental rights. Nevertheless, upon our review, we find that the circuit court had ample evidence upon which to base findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Petitioner's failure to cite to any evidence or authority supporting his position is fatal this assignment of error, and we therefore find that he is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 30, 2019, order is hereby affirmed.

---

[4]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides as follows:

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Affirmed.

**ISSUED**: November 4, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison